An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RONALD LEE GIBSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62647

FILED

OCT 1 7 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of attempted sexual assault. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant contends that the district court abused its discretion by denying his request for additional credit for presentence confinement. According to appellant, after pleading guilty to sexually abusing his stepdaughter, A.S, he was sentenced to 30 to 84 months in prison in August 2009. He further represents that during the investigation of the offenses regarding A.S., her sister, A.M., denied that appellant had sexually abused A.M. In November 2011, A.M. recanted her initial denial and revealed that appellant sexually abused her during the same timeframe appellant had sexually abused A.S. Appellant pleaded guilty to attempted sexual assault of A.M. and was sentenced to 96 to 240 months in prison. Because appellant's sentence for his convictions involving A.S. had

13-31150

expired, he was given 22 days' credit for presentence confinement. He argues that he is entitled to additional presentence credit from March 18, 2009, when A.M. first denied to authorities that appellant had sexually abused her—less the 22 days credited to him (totaling 1,323 days)—because "he could not control when [the charges involving A.M.] would be filed against him and could not control when he would expire his first sentence [for the conviction involving A.S.]." He reasons that A.M.'s initial denial of sexual abuse resulted in the two cases being resolved at separate times and that "the entire process would have been vastly different in every way from the decision to go to trial or negotiate the potential sentence" had the cases been prosecuted simultaneously. And because he has not committed a new offense while in custody, appellant argues, "fairness requires that [he] receive credit for the time he was deprived of his liberty, even if in custody on another offense."

Because the additional presentence credit appellant sought concerned confinement pursuant to a judgment of conviction for another offense, he was not entitled to additional credit. *See* NRS 176.055(1) (providing that the district court may order presentence credit for confinement "for the amount of time which the defendant has actually spent in confinement before conviction, unless the defendant's confinement was pursuant to a judgment of conviction for another offense"). And appellant has provided no legal authority supporting his

SUPREME COURT
OF
NEVADA

(O) 1947A

contention that he is entitled to additional presentence credit under the circumstances presented here. Accordingly, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Michael Villani, District Judge
      Clark County Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[1]Despite counsel's verification that the fast track response complies with the formatting requirements of NRAP 32(a)(4), the fast track response does not comply because it is not double-spaced. *See* NRAP 3C(h)(1). We caution respondent's counsel that future failure to comply with the Nevada Rules of Appellate Procedure when filing briefs with this court may result in the imposition of sanctions. *See* NRAP 3C(n); NRAP 28.2(b).